IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEIGH REESE**                                                                                    **PLAINTIFF**

versus                                                                    CIVIL ACTION # 1:10cv36-RHW

**COASTAL RESTORATION AND**
**CLEANING SERVICES, INC. D/B/A**
**SERVPRO OF PEARL RIVER/HANCOCK**
**& SW HARRISON COUNTIES AND**
**SERVPRO OF HATTIESBURG, and**
**SERVPRO INDUSTRIES, INC.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is [8] the motion of defendant SERVPRO Industries, Inc. (SERVPRO) to dismiss pursuant to Rule 12(b)(6) or alternatively for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Since both parties have presented evidence outside the pleadings, the Court considers the matter as a motion for summary judgment.  *See* Fed. R. Civ. Proc. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").  Reese has responded opposing the motion, and the Court, having considered the parties' memoranda and submissions and applicable law, concludes that the motion should be granted.

### FACTS

SERVPRO is a franchisor that grants entrepreneurs such as Coastal Restoration and Cleaning Services, Inc. (Coastal) a license as independent franchises to use SERVPRO's nationally recognized trademarks and customer service system in exchange for royalties paid by

1

the franchisee.  SERVPRO and Coastal entered into such a franchise license agreement on May 15, 2007.  In August 2005, Coastal had hired Reese as a technician in Coastal's Hancock County office, and paid Reese $8.00 per hour for his work.  When Hurricane Katrina damaged Coastal's office in August 2005, the business was closed, but Coastal told Reese he would be re-hired when the branch reopened.  After relocating and working in Biloxi for a time, Reese returned to work for Coastal in Hancock County in May 2006 at a rate of $10.00 per hour.  He received a $1.00 per hour pay rate increase in January 2007, and in November 2007 Coastal promoted Reese to Production Manager, a salaried position beginning at $30,000.00 annually.  In March and again in December 2008, Reese received performance raises which brought his yearly salary to $33,000.00.  When it promoted Reese to a salaried position, Coastal informed him that part of the job description as a salaried manager entailed delegation of after-hours responsibilities to employees. At the time Reese was promoted to a salaried position, only one other individual worked out of Coastal's Hancock County office, but Coastal informed Reese that new employees were to be added to assist in the workload to allow him to perform more management duties and less technician duties.  However, in addition to management duties, Reese personally attended to his usual technician duties as his primary job responsibility.  Reese alleges he worked more than 40 hours virtually every work week while employed by Coastal.

In October, 2009, Reese contacted the U.S. Department of Labor, Wage, and Hour Division (DOL) complaining of Coastal's failure to pay overtime.  Coastal became aware of the DOL investigation in January 2010, and on January 13, 2010, it allegedly sent Reese a letter informing him that as of January 15, 2010, he would be paid an hourly rate of $9.00.  Reese alleges this action was in retaliation for his complaint for failure to pay overtime.

On February 2, 2010, as a result of the alleged discrimination and retaliation against him, Reese filed suit against Coastal and SERVPRO claiming intentional, willful, and wrongful violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  SERVPRO liability is premised on Reese's position that he was employed by both Coastal and SERVPRO.  The answers of both defendants deny that Reese was an employee of SERVPRO. [7], [10].

## LAW AND ANALYSIS

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  After a properly supported motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts supported by summary judgment evidence showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir.2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir.1998).  Substantive law determines what is material.  *Anderson*, 477 U.S. at 249.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

at 248.  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *Celotex*, 477 U.S. at 327.  "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Federal Savings and Loan Ins. v. Kralj*, 968 F.2d 500, 503 (5th Cir.1992)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  The facts are reviewed drawing all reasonable inferences in favor of the nonmoving party.  *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir.1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir.1995).  "However, unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 313 (5th Cir.2003) (internal citations omitted).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

    The issue presented by the instant motion is whether SERVPRO is Reese's joint employer for FLSA purposes.  A claim brought under the FLSA first requires facts showing the existence of an employment relationship between Plaintiff and Defendant, in this case between Reese and SERVPRO.  29 U.S.C. §§ 203, 206-07.  "To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir.1984)(citing 29 U.S.C. §§ 206-07).  An employer under FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee ." *Lee v. Coahoma County, Mississippi*, 937 F.2d 220, 226 (5th Cir.1991)(citing 29 U.S.C. § 203(d)).  The Supreme

Court has stated that "employer" under FLSA is to be defined "expansively" and includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of the employees." *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973).  Furthermore, an individual deemed an employer under FLSA "may be held jointly and severally liable for damages resulting from the failure to comply with FLSA." *Lee*, 937 F.2d at 226 (citing *Donovan*, 747 F.2d at 966).

In the case at bar, there is no question that Reese was an employee of Coastal Restoration. The issue is whether SERVPRO was also his employer.[1]  In support of its motion, SERVPRO submits the affidavit of Randall Isaacson, who has been president of SERVPRO since 1990. [8-2]  The affidavit states SERVPRO is a franchisor which does not own and operate any franchise location directly; that all franchises are independently owned and operated by franchisees, and Coastal is a franchisee.  The affidavit further states franchise operators, including Coastal, "operate as separate and distinct businesses and are independent contractors"[2] to whom SERVPRO grants the right to use SERVPRO's system in exchange for royalties and other fees. Isaacson states SERVPRO does not direct the daily operations of a franchise and has no control over hiring Leigh Reese; it does not supervise or control Reese's work schedule or conditions of employment; it does not determine the rate and method of payment for Reese's work; and it does not maintain employment records for Reese or other Coastal employees.  Reese contends he was

---

[1] Per Reese's complaint, his damages did not accrue until 2009 at the very earliest.  In his memorandum in support of plaintiff's response to defendant's motion to dismiss, Reese cites a 2002 franchise license agreement between SERVPRO and James and Deborah Gray to support his position.  The Court notes that the provisions upon which Reeses relies are virtually identical in the 2002 agreement he cites and the May 15, 2007 franchise agreement between SERVPRO and Coastal which was in effect during the pertinent time.

[2] The franchise agreement, ¶ 9.1, expressly provides that a franchisee's (Coastal's) relationship with SERVPRO is that of independent contractor.

5

jointly employed by Coastal and SERVPRO by virtue of certain provisions of the franchise agreement between Coastal and SERVPRO.

To facilitate determination of FLSA coverage, the courts have established the "economic reality test." *Williams v. Henagan*, 595 F.2d 610, 620 (5th Cir. 2010).  The four standard factors to be considered in determining whether an entity is an employer for FLSA purposes under this test are whether the purported employer: has the power (1) to hire and fire the employee; (2) to supervise and control the employee's work schedule or conditions of employment; (3) to determine the rate and method of payment for the hours worked; and (4) maintains employment records.  *Id.*  Consideration of these factors in the instant case leads the Court to conclude that SERVPRO was not Reese's employer for FLSA purposes.

**Power to Hire and Fire Employees**

Reese alleges SERVPRO "retains complete authority and control over which employees are hired for employment." [29, p. 5]  In support of the allegation, Reese relies on an "Employee Certification Training Program Form," which authorizes a background check prior to employment. [30-2]  The language of the form, itself, distinguishes between the individual's employer and SERVPRO, in that it authorizes the employer to provide the results of a background check to the franchisor, SERVPRO.  The relevant language of Coastal Restoration's 2007 Franchise License Agreement with SERVPRO provides:

> 7.12 Background Checks. OPERATOR agrees to conduct employee background checks once every two years, unless the franchisee has reason to suspect that an employee may have been convicted of a felony or any type of assault, in which case a background check must be conducted immediately. . . . OPERATOR agrees to inform FRANCHISOR immediately if they are convicted of a felony or any type of assault between renewals. OPERATOR agrees not to employ anyone with a conviction for a felony or any type of assault.

(36-1, pp. 20-21]. The Court finds this contractual provision does not give SERVPRO the power to hire/fire Coastal employees, nor can it reasonably be inferred to do so. It is simply one of the quality control standards SERVPRO requires as a condition to granting a franchise for the use of its system, trade name, service marks, trademarks, *etc.* Contrary to Plaintiff's assertion, this provision does not show that SERVPRO has power to control hiring/firing of Coastal employees.

**Supervision and Control of Work Schedule and Conditions**

The second element of the economic realities test examines the alleged employer's supervision and control of the employee's work schedule or conditions of employment. As evidence that SERVPRO "maintains substantial control of the terms and conditions for the work of Coastal Restoration's employees," Reese relies on § 1.2 of the franchise license agreement, which required Coastal to:

> 1.2(a) obtain such vehicles, equipment, supplies, cleaning products, uniforms, computer hardware and software as FRANCHISOR may require for OPERATOR to meet FRANCHISOR'S then-current standards as reflected in the latest equipment and products package for new franchise sales;

By its own terms the purpose of this section is to require franchisees "to meet [SERVPRO's]... standards" for franchise sales, *i.e.*, it is one of the conditions for acquiring or renewing a franchise. In addition, the affidavit of SERVPRO's president expressly states that SERVPRO "does not supervise or control Leigh Reese's work schedule or conditions of employment." [8-2] Plaintiff has produced no evidence to refute the affidavit. Nothing before the Court shows SERVPRO has or had the power to influence the daily operations of Coastal Restoration's business, and Reese has failed to produce evidence showing SERVPRO had the power to supervise and control his work schedule or conditions of employment.

**Determining Rate and Method of Pay and Maintenance of Employment Records**

The third and fourth factors to consider under the economic realities test are whether SERVPRO has control over the rate and method of payment of the aggrieved employee.  Reese contends sections 4.1 and 4.2 of the franchise license agreement are evidence that SERVPRO has the power to control Coastal's rate and method of payment for Reese's work, and that SERVPRO maintains employment records for Coastal employees.  Those sections state:

> 4.1 OBLIGATION TO KEEP RECORDS.  OPERATOR agrees to install, and maintain at all times, a complete and uniform accounting system in accordance with generally accepted accounting principals and meeting the standard operating procedures and specifications prescribed periodically by FRANCHISOR.  These procedures and specifications may include, but are not limited to, all sales and cash journal sheets, bank reconciliations, payroll records, ... as required by FRANCHISOR .... OPERATOR agrees to maintain complete and accurate records, accounts, books, data and reports which shall accurately reflect all particulars relating to or arising out of this Agreement . . .
>
> 4.2 REPORTING REQUIREMENTS.  OPERATOR shall deliver the following reports to FRANCHISOR . . .
>    (a)  a monthly report of gross volume in a form approved by FRANCHISOR.

[36-1, p. 9].  The Court finds nothing in these sections empowering SERVPRO to control what Coastal paid Reese or how it paid him, or indicating that SERVPRO maintains the employment records for Coastal employees.  Isaacson's affidavit confirms that SERVPRO did not determine the rate or method of payment for Reese during the time period in question nor at any other time, and that SERVPRO does not maintain employment records for Reese or other Coastal employees. [8-2]  The cited sections of the franchise license agreement require Coastal to provide SERVPRO information regarding Coastal's business under the franchise agreement, information which allows SERVPRO to assess the viability of a franchise, to compute the royalties and fees due it from the franchise, and to ensure the future value of its trademark, proprietary system information, and quality associated with the SERVPRO brand name.  They do

not establish any power to control the rate/method of payment of Coastal employees, or maintenance of employment records for them.  Reese has presented no evidence to indicate that the maintenance of this type of information is used to control the daily management of Coastal Restoration.  There is no contractual relationship between Reese and SERVPRO, and in fact, section 13.5 of the franchise license agreement between Coastal and SERVPRO expressly provides that, "This Agreement shall not be construed to create any third party beneficiary rights in any party or entity."

## CONCLUSION

Reese's position that his employment "extended through" Coastal Restoration to SERVPRO by virtue of the franchise license agreement between the latter, is unsupported by the record evidence.  In the absence of evidence, the court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little*, 37 F.3d at 1075.  Because Reese has failed to come forward with specific facts supported by summary judgment evidence to show he was an employee of SERVPRO, the Court finds summary judgment appropriate.  It is therefore,

**ORDERED AND ADJUDGED**, that SERVPRO's motion for summary judgment is **GRANTED**, and SERVPRO shall be dismissed as a defendant in this case.

Signed, this the 15th day of December, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE